UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC., ET AL., | ) ) ) | CASE NO.1:21CV926 |
| Plaintiffs, | ) ) ) | SENIOR JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| PROGRESSIVE CASUALTY INSURANCE CO., ET AL., | ) ) ) | OPINION AND ORDER |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants Progressive Casualty Insurance Company, Progressive American Insurance Company, Progressive Direct Insurance Company, Progressive Express Insurance Company, Progressive Northern Insurance Company, Progressive Select Insurance Company and National Continental Insurance Company Motion to Dismiss. (ECF # 82). For the following reasons, the Court grants, in part, Defendants' Motion and stays the action subject to reopening upon motion.

Plaintiffs' Second Amended Complaint is brought on behalf of a putative class of assignees of medical claims for payment under the Medicare Secondary Payer provisions of

the Social Security Act (the "MSP Act"), 42 U.S.C. § 1395y et seq. According to their Second Amended Complaint, Plaintiffs' claims arise out of automobile and other accidents, resulting in medical expenses for Medicare enrollees that should have been paid by Defendants but instead were paid for by Medicare Advantage Plans. Under the MSP Act, the Defendants were the primary payors responsible for these expenses but Defendants have failed to pay or reimburse the MA Plans or Class members for these expenses to the detriment of the Medicare Trust and the public.

Defendants are auto or other liability insurers whose policies insure against bodily injury. When Defendants' insureds are liable and Medicare enrollees are injured, Defendants are primary plans under the MSP Act. Plaintiffs' assignors are MA Plans that, despite the obligations placed on Defendants by the MSP Act, made payments to injured enrollees. Under the MSP Act, MA Plans are secondary insurers and are entitled to recoup payments made on behalf of enrollees from primary insurers under the MSP Act. Furthermore, the MSP Act requires primary plan insurers like Defendants to report claims that they settled claims involving Medicare enrollees.

The MSP Act allows for private rights of action against primary plan insurers who fail to pay or reimburse MA Plans despite their obligations under the MSP Act.

Plaintiff MSP Recovery Claims, Series LLC. is a Delaware company with its principal place of business in Florida. It alleges it is entitled to pursue reimbursement from Defendants due to assignments from designated series assignors who should have been paid by Defendants.

Plaintiff MSP Recovery Claims Series 44, LLC, is a Delaware limited liability

company with its principal place of business in Florida and also seeks reimbursement pursuant to its assignments from designated series assignors who should have been paid by Defendants but were not.

Plaintiffs bring a claim for violation of 42 U.S.C. § 1395y(b)(3)(A) on behalf of themselves and a putative class for unreimbursed payments under the MSP Act.

**Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiffs' Second Amended Complaint for unlawful claim-splitting, lack of Article III standing, and failure to state a claim for failure to plead sufficient facts that they may bring a private cause of action and that their assignors made conditional payments under the MSP Act.

## LAW AND ANALYSIS

**Standard of Review**

When a Defendant challenges standing on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks. *See, e.g.*, *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich. 2005), citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974). "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no

3

presumptive truthfulness applies to the factual allegations... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Walters*, 376 F.Supp.2d at 752.

Defendants argue that Plaintiffs lack standing to sue because they have not shown that they (through their alleged assignors) have suffered an injury-in-fact traceable to Defendants' conduct. Plaintiffs bear the burden of establishing Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "To satisfy Article III's standing requirements, a plaintiff must show: '(1) [he] has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016); *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606-07 (6th Cir. 2007); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000). "For an injury to be particularized, 'it must affect the plaintiff in a personal and individual way.'" *Soehnlen*, 844 F.3d at 581-82.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a complaint may be dismissed 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

A claim must, "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "the

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. 678 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 556) (2017)). "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2017)).

In deciding a motion to dismiss under 12(b)(6), a court must accept as true all the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, courts must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). However, plaintiff must provide "more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 557.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Claim-Splitting**

According to Defendants, the Court should dismiss or stay Plaintiff's Second Amended Complaint in its entirety for claim-splitting. Defendants contend this case involves the same parties and arises from the same transactions as Plaintiffs' previously filed suit

5

presently before the Court. Defendants contend MSP Recovery Claims Series, LLC. is a named Plaintiff in both the 2018 case and this case, and MSP Recovery Claims Series 44, LLC, a named Plaintiff in this suit, is a successor-in-interest to MSP Recovery Claims Series LLC. Defendants Progressive American Insurance Company and Progressive Select Insurance Company are named Defendants in the older 2018 case as well as in this case. The other named Defendants in this suit are all Progressive-related entities and in the 2018 suit Plaintiffs "reserve the right to pursue reimbursement for medical expenses against any of Defendants' affiliates or subsidiaries." 2018 Lawsuit ECF No. 43 ¶ 36. Finally, the transactions at issue here are the same in the 2018 suit as both involve Progressive-related insurance companies failing to make primary payments or reimburse payments to MA Plans for which Defendants were the primary insurer. Therefore, Defendants contend this suit should be dismissed for improper claim-splitting.

Plaintiffs dispute that claim-splitting applies in this circumstance. The parties in the 2018 case include MSP Recovery Claims Series, LLC, MSPA Claims 1, LLC., Progressive American Insurance Company, Progressive Preferred Insurance Company and Progressive Select Insurance Company. In this suit, the parties include MSP Recovery Claims Series LLC, MSP Recovery Claims Series 44, LLC., Progressive Casualty Insurance Company, Progressive American Insurance Company, Progressive Direct Insurance Company, Progressive Express Insurance Company, Progressive Northern Insurance Company, Progressive Select Insurance Company and National Continental Insurance Company. Thus, on the face of the Complaints, Plaintiff MSP Recovery Claims Series, LLC, is a party in both cases as are Defendants Progressive American Insurance Company and Progressive Select

Insurance Company but each has different co-Plaintiffs and there are numerous additional Defendants not named in the 2018 suit.

The class in the 2018 case is defined as:

> All non-governmental organizations that provided benefits under Medicare Part C ("MA Entities"), in the United States of America and its territories, and that made payments for, or where financially responsible to provide, medical items and services for their beneficiaries related to injury events for which a Defendant had provided no-fault insurance coverage yet failed to make primary payment for the items and services or failed to reimburse the MA Entity. The Class also includes all assignees that have been assigned, from an MA Entity, the right of recovery of or payment for the medical items and services provided.

Plaintiffs' First Amended Complaint in the 2018 action alleges a Breach of Contract Claim and a private right of action under the Medicare Secondary Payer provisions of the Social Security Act (the "MSP Act"), 42 U.S.C. § 1395y et seq. as follows:

> Plaintiffs assert a private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) on behalf of themselves and all similarly-situated parties. Defendants' no-fault policies are primary plans, which rendered Defendants as primary payers for the accident-related medical expenses.
>
> As part of providing Medicare benefits to Medicare beneficiaries enrolled under the Medicare Advantage program, the Class Members and Plaintiffs' assignors paid for items and services which were also covered by no-fault insurance policies issued by Defendants.
>
> More specifically, Plaintiffs' and the Class Members' Medicare beneficiaries were also covered by no-fault, PIP, or medical payments policies issued by Defendants. Because Defendants are primary payers, the Medicare payments for which Plaintiffs seek reimbursement were conditional payments under the MSP Act. Defendants were required to timely and properly reimburse Plaintiffs' assignors for their conditional payments of the Enrollees' accident-related medical expenses. Defendants failed to do so.

In the present case Plaintiffs define the Class as:

> All MA Plans (or their assignees) that provide benefits under Medicare Part C in the United States of America and its territories, who made payments for a Medicare Enrollee's accident-related medical expenses where Defendant:
> (1) is the primary payer by virtue of having settled a claim with an MA Plan Enrollee;
> (2) settled a dispute to pay for medical expenses with an MA Plan Enrollee; and
> (3) failed to reimburse MA Plans (or their assignees) for their conditional payments upon settling with a Medicare Enrollee

In their Second Amended Complaint Plaintiffs assert a private cause of action pursuant to 42 U.S.C. § 1395y(b)(3)(A) on behalf of themselves and all similarly situated parties. The Second Amended Complaint alleges:

> Defendants' liability policies are primary plans, which rendered Defendants primary payers for accident-related medical expenses. As part of providing Medicare benefits to Medicare beneficiaries enrolled under the Medicare Advantage program, Plaintiffs' assignors and the Class Members paid for items and services which were also covered by liability policies issued by Defendants.
>
> Defendants entered into settlements with Enrollees of Plaintiffs' assignors relating to accidents but failed to reimburse Plaintiffs' assignors and the putative Class Members for accident-related medical expenses paid by Plaintiffs' assignors and the putative Class Members on behalf of Enrollees. Defendants are liable for reimbursement of these accident-related medical expenses even if they subsequently paid out the maximum benefits under the policies.

"A plaintiff must join all claims arising from the same set of facts in a single proceeding and cannot split them across multiple fora." *Ellis v. Gallatin Steel Co.,* 390 F.3d 461, 479 (6th Cir. 2004). "Claim-splitting and duplicative litigation are variations of res judicata. Res judicata—more specifically here, claim preclusion—bars subsequent litigation of causes of action where a court has already issued a final decision on the merits in an earlier case and the causes of action were, or should have been, litigated in the earlier case between

8

the same parties." *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) citing *In re Alfes,* 709 F.3d 631, 638 (6th Cir. 2013) (citation omitted). "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Katz v. Gerardi,* 655 F.3d 1212, 1217 (10th Cir. 2011). Essentially, claim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment. *Waad* at 260. "In a similar vein, the doctrine of duplicative litigation allows "a district court [to] stay or dismiss a suit that is duplicative of another federal court suit" using "its general power to administer its docket." Id. quoting *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000).

Claim-splitting does not "apply to claims that were not ripe at the time of the first suit." *Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 530 (6th Cir. 2006) (citation omitted).

According to Defendants, Plaintiffs are all successors in interest to the original Plaintiffs as they are Series entities with the same principal place of business and, according to the Second Amended Complaint, "each designated series is owned and controlled by MSPRC. MSPRC may receive assignments in the name of MSPRC, and further associate such assignments with a particular designated series or may have claims assigned directly to a particular designated series. In either event, pursuant to its LLC Agreement, any rights and benefits arising from assignments to its designated series shall belong to MSPRC, and MSPRC maintains the legal right to sue on behalf of each of its designated series and pursue any and all rights, benefits, and causes of action arising from assignments to a designated series." (ECF # 52 ¶10).

Moreover, Defendants argue both cases involve the same transactions or series of

transactions because they involve the same course of conduct by Defendants -i.e.-failing to reimburse MAOs for medical expenses in which Defendants were the primary plan. "Under the claim-splitting doctrine, a district court may dismiss or stay a later-filed action pursuant to its authority to administer its docket where it (1) involves the same parties or their privies; and (2) arises out of the same transaction or series of transactions as the first suit." *Ramsey v. Receivables Performance Mgmt., LLC,* No. 1:16-CV-1059, 2018 WL 11312532, at *4 (S.D. Ohio Jan. 23, 2018) citing *Zephyr Aviation III, L.L.C. v. Keytech Ltd.,* No. 8:07-cv-227-T-27TGW, 2008 WL 759095, *1 n.4 (M.D. Fla. Mar. 20, 2008) *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000)).

Upon review, the Court finds that the parties are identical in the case of three parties or are so closely related as to be successors in interest or privies. Plaintiff MSP Recovery Claims Series, LLC, is a party in both cases as are Defendants Progressive American Insurance Company and Progressive Select Insurance Company. Moreover, the MSP Recovery Claims Series 44 and MSPA Claims 1, LLC are series with the same location as MSP Recovery Claims Series LLC and the Complaints allege each designated series is owned and controlled by MSP Recovery Claims, LLC.

Defendants in the 2021 case are all Progressive-related entities, some of which were Defendants in the 2018 action before being subsequently dismissed and Plaintiffs 2018 case reserves the right to pursue reimbursement against any of Defendants' affiliates or subsidiaries. Thus, the parties for both Plaintiffs and Defendants are all substantially the same or related.

Defendants cite Federal Rule of Civil Procedure 20(a)(1) as analagous to a claim-

splitting analysis. Rule 20 allows multiple plaintiffs to be joined in one action if their claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." Rule 20 allows for district courts to "entertain[ ] the broadest possible scope of action consistent with fairness to the parties." United *Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The "series of transactions or occurrences" analysis is a flexible standard that "enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief ... to be tried in a single proceeding. *Walls v. Host Int'l, Inc.,* No. 1:15-CV-00564, 2015 WL 4644638, at *3 (N.D. Ohio Aug. 4, 2015).

There is no question that the foundation of Plaintiffs' claims in both cases against Defendants arise out of the same alleged conduct by Defendants -i.e. failure to pay or repay MA Plans for payments to Medicare beneficiaries in which Defendants were primary plans. Plaintiffs do not argue that the claim in the 2021 case could not have been brought in the earlier filed action. The only difference in the cases is that one arises from No-Fault insurance plans while the other arises out of settlements of claims with Medicare beneficiaries in which those beneficiaries were not insureds under Defendants' insurance policies. Moreover, there are serious issues of standing that need to be addressed in the 2018 case that are presently the subject of dispositive motions and these questions overlap with the same question of standing in this action.

Therefore, the Court finds the 2021 case does involve claim-splitting but given the yet to be decided determination on standing in the 2018 case, along with what assignments are valid and enforceable, adjudication of that matter will likely impact the determination of

issues presented in the present case. As a result, the Court declines to dismiss this action but will stay it subject to reopening upon motion by either party after the ruling on the pending 2018 case summary judgment motion.

    IT IS SO ORDERED.


                                        /s/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        Senior United States District Judge