**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MSP RECOVERY CLAIMS, SERIES LLC,** | ) ) ) | **CASE NO. 1:21CV926** |
| Plaintiff, | ) ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) ) ) | |
| **PROGRESSIVE CASUALTY INSURANCE CO., et al.,** | ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion (ECF DKT #108) of Defendants to Dismiss Plaintiff's Third Amended Complaint. For the following reasons, the Motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff MSP Recovery Claims, Series LLC ("MSPRC") filed its operative Third Amended Complaint (ECF DKT #105) on November 26, 2024. Plaintiff brings a private action under the Medicare Secondary Payer Act ("MSP Act") 42 U.S.C. § 1395y(b)(3)(A), against five insurance companies (National Continental Insurance Company; Progressive Direct Insurance Company; Progressive Casualty Insurance Company; Progressive Express Insurance Company; and Progressive Northern Insurance Company) for reimbursement of Medicare payments made by its Assignors Medicare Advantage Organizations (MAOs) for which Defendants were allegedly the primary payers. (Counts I and II). Plaintiff also brings a claim, by virtue of subrogation, for Breach of Contract for Failure to Pay Benefits for the Contractual Claims (Count III) and a claim for Declaratory Relief pursuant to 28 U.S.C. § 2201 (Count IV).

In the Third Amended Complaint, Plaintiff alleges that it is the Assignee of the right to recover payments made by ten MAO Assignors for accident-related medical services provided to Medicare Advantage Plan enrollees.  The ten Assignments, for which Plaintiff provides written excerpts, are from the following MAOs:

- AvMed

- ConnectiCare

- Emblem (Health Insurance Plan of Greater New York)

- Fallon Community Health Plan

- SummaCare

- HEAL (Health Alliance Connect, Inc.)

- Health First Health Plan (HFHP)

- BCBS of Rhode Island

- Family Physicians Group

- BCBS of Massachusetts

Plaintiff's Complaint further offers eighteen examples of First Party Claim Representative Beneficiaries and Settlement Claim Representative Beneficiaries, identifying them only by their initials.  Plaintiff provides the date of the accident; when any medical services were rendered; the amounts billed; the amounts paid; and the name of the Medical Advantage Plan for each beneficiary.  The following is a list of the exemplar beneficiaries and the Medical Advantage Plan in which each was enrolled:

- "R.L." - HFHP

- "J.B." - HFHP

- "N.B." - HFHP

- "I.M." - HFHP

- "G.F." - SummaCare

- "D.D." - AvMed

- "A.B." - AvMed

- "E.G." - Fallon (FCHP)

- "J.G." - BCBS of Rhode Island

- "N.G." - BCBS of Rhode Island

- "P.M." - BCBS of Rhode Island

- "C.H." - BCBS of Massachusetts

- "J.H." - HEAL

- "S.W." - ConnectiCare

- "L.M." - ConnectiCare

- "R.D." - HEAL

- "S.D." - HEAL

- "S.B." - BCBS of Rhode Island

Plaintiff identifies a specific Defendant primary payer for five of the eighteen representative beneficiaries: "J.G." - Progressive Direct Insurance Company; "N.G." - Progressive Direct Insurance Company; "P.M." - Progressive Direct Insurance Company; "C.H." - Progressive Direct Insurance Company; and "J.H." - Progressive Northern Insurance Company. Although in a great many instances Plaintiff provides a policy number, in all but these five examples Plaintiff merely identifies the primary payer generically as "Defendant" or

"Defendants."

An examination of the pleading reveals that there are no allegations among the Representative Beneficiary exemplars mentioning two of Plaintiff's MAO Assignors: Emblem (Health Insurance Plan of Greater New York) and Family Physicians Group; nor are there any specific allegations made against Defendant Progressive Casualty Insurance Company, Defendant Progressive Express Insurance Company and Defendant National Continental Insurance Company.

Defendants move to dismiss Plaintiff's Third Amended Complaint for lack of subject matter jurisdiction (standing) and for failure to state a claim upon which relief can be granted. (ECF DKT #108).

## II. LAW AND ANALYSIS

**Standing and Subject Matter Jurisdiction**

The Constitution limits federal court jurisdiction to actual "cases" or "controversies." U.S. Const., art. III, § 2, cl. 1. Standing to sue is one aspect of the case-or-controversy requirement. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). In order to assert constitutional standing a plaintiff must have "'such a personal stake in the outcome of the controversy' as to warrant [their] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). The plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). If the plaintiff lacks standing, then the federal court lacks jurisdiction. *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 139 S.Ct. 1945, 1951 (2019).

To satisfy Article III's standing requirements, a plaintiff must establish: (1) an "injury-in-fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) an injury that is fairly traceable to the challenged action of the defendant or defendants; and (3) an injury that is likely, not merely speculatively, to be redressed by a favorable court decision. See, *Sprint Communications Co., L.P. v. APCC Services., Inc.*, 554 U.S. 269, 273–74 (2008); *Friends of the Earth, Inc. v. Laidlaw Environmental Services.*, 528 U.S. 167, 180–81 (2000); *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016); *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 606–07 (6th Cir. 2007). For an injury to be particularized, it must "affect the plaintiff in a personal and individual way." *Spokeo v. Robbins*, 578 U.S. 330, 136 S.Ct. 1540, 1548 (2016); *Soehnlen*, 844 F.3d at 581-82; see also, *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982) (standing requires that the plaintiff "personally has suffered some actual or threatened injury").

To emphasize further, Article III standing is an indivisible element of federal court subject matter jurisdiction and want of subject matter jurisdiction cannot be waived by the parties. *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939); *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).

**Fed.R.Civ.P. 12(b)(6) Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Id*. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised.  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Id*. at 679.

**Private Cause of Action under MSP Act (Counts I and II)**

The MSP Act establishes a private cause of action for damages (in an amount double the amount otherwise provided) when a primary plan fails to pay or reimburse an MAO for a Medicare beneficiary's medical expenses.  42 U.S.C. § 1395y(b)(3)(A).  Plaintiff alleges that its MAO Assignors suffered financial injury when they made conditional payments that were not reimbursed by the Progressive Defendants as primary payers.  Plaintiff alleges that it is entitled to relief in this action for that financial harm because of valid assignments from the MAO Assignors.

"[I]n order to have Article III standing, a plaintiff must adequately establish:  (1) an

injury-in-fact (*i.e.*, a concrete and particularized invasion of a legally protected interest); (2) causation (*i.e.*, a fairly traceable connection between the alleged injury-in-fact and the alleged conduct of the defendant); and (3) redressability." *Sprint Communications Co.,* 554 U.S. at 273–74 (quoting *Lujan,* 504 U.S. at 560–61).

Plaintiff's Third Amended Complaint sufficiently demonstrates the plausible injury-in-fact element of the MSP Act private cause of action. The MAO Assignors could show financial injury or harm because they made payments for beneficiaries' medical expenses when Defendants were the primary plans; and therefore, Plaintiff can make the same showing as their Assignee. In addition, Plaintiff seeks compensatory damages for the amount of the MAO Assignors' conditional payments that Defendants were obligated to pay based on their primary payer status. A favorable federal court judgment could redress such an injury.

However, the crucial causation element of Article III standing is where Plaintiff's MSP Act claims fall short. The Court's plausibility analysis of the Third Amended Complaint goes only so far before the Court encounters the lack of a "fairly traceable connection" between Plaintiff's alleged injury and the alleged conduct of Defendants.

Only five of Plaintiff's representative exemplars identify a specific Progressive entity by name. In those five situations, only two Defendants are listed as responsible primary plans – Defendant Progressive Direct Insurance Company and Defendant Progressive Northern Insurance Company. Plaintiff makes the majority of its allegations against "Defendant" or "Defendants" generally, attempts to bring claims beyond those related to the eighteen "representative beneficiaries" and pleads insufficient facts to show a plausible injury-in-fact traceable to any Defendant's conduct.

The Court can appreciate the breadth of the possible reimbursement claims that Plaintiff alleges exists. The Court also recognizes Plaintiff's argument that Progressive's reporting to the Centers for Medicare and Medicaid Services (CMS) is vague in its description of the primary plan as "Progressive Group of Ins. Companies."

Nevertheless, Plaintiff's pleading is insufficient to state a viable claim under Fed.R.Civ.P. 8 and Fed.R.Civ.P. 12(b)(6). In part, as the Sixth Circuit instructed in *Bondex Intern., Inc. v. Hartford Acc. & Indem. Co.*, 667 F.3d 669, 681 (6th Cir. 2011): [A court] "cannot accept such threadbare allegations as meeting the Federal Rules' notice-pleading standard. See *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (noting that, while the Federal Rules do not require detailed factual allegations, they "demand [ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (explaining that the pleadings should "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'").

It is significant to point out that the instant case was filed in 2021, and this current Complaint represents a third amendment allowed by the Court. In order to state a claim under Fed.R.Civ.P. 12(b)(6) and to establish Article III standing, Plaintiff was obliged to do preliminary investigation and to fairly allege that its injury was caused by a *specific* Defendant. Plaintiff cannot rely on discovery *after* filing suit to provide the necessary facts. See *MSP Recovery Claims Series, LLC v. Nationwide Mutual Insurance Company*, 594 F.Supp.3d 947, 958-959 (S.D.Ohio 2022). Also, as opined in a Sixth Circuit antitrust opinion which is helpful by analogy: "[P]laintiff must allege specific facts [] even if those facts are only within the head or hands of the defendants. The plaintiff may not use the discovery process to obtain these facts

after filing suit." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

**<u>Breach of Contract by Virtue of Subrogation (Count III)</u>**

As an alternative cause of action for the recovery or reimbursement of Medicare enrollees' accident-related medical payments, Plaintiff alleges Breach of Contract.  Plaintiff alleges that Defendants failed or refused to make primary payments of no-fault insurance benefits or medical-payment benefits in breach of their insurance policy contracts.  The MAO Assignors became subrogated to the beneficiaries' breach-of-contract actions by making conditional payments of those medical expenses.  Accordingly, Plaintiff as Assignee of the MAOs' rights, became subrogated to those beneficiaries' breach-of-contract claims.

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (citing *Twombly*, 550 U.S. at 556).  "It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Harris v. Am. Postal Workers Union*, 198 F.3d 245, 1999 WL 993882, at *4–5 (6th Cir. Oct. 19, 1999) (per curiam) (table) (citing *Platsis v. E.F. Hutton & Co., Inc.*, 829 F.2d 13 (6th Cir.1987)).

To establish a claim for breach of contract, a plaintiff must prove:  (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach. *In re Fifth Third Early Access Cash Adv. Litig. v. Fifth Third Bank*, 925 F.3d 265, 276 (6th Cir. 2019) (citing *Claris, Ltd. v. Hotel Development Services, LLC,* 104 N.E.3d 1076, 2018-Ohio-2602 (10th Dist., Jun. 29, 2018)).  Moreover, "[i]n order to recover

more than nominal damages for breach of contract[,] a plaintiff must prove that he suffered a loss ***resulting from the defendant's actions.***"  (Emphasis added).  *Ed Stinn Chevrolet, Inc. v. Natl. City Bank*, 28 Ohio St.3d 221, 233, 503 N.E.2d 524 (1986).

The Court finds that Plaintiff's Breach of Contract Claim suffers from the same infirmities that cripple the MSP Act Claims in Counts I and II.  Plaintiff fails to provide the relevant, specific contract language for any primary policy.  Even assuming that Plaintiff is entitled to sue for breach because of rights granted by assignment from the MAO Assignors, Plaintiff still fails to identify which Progressive Defendant was a party to a particular insurance policy, which policy benefits were not paid and how any contractual obligation was breached.

**Declaratory Relief Pursuant to 28 U.S.C. § 2201 (Count IV)**

28 U.S.C. § 2201 provides:  "In a case of actual controversy within its jurisdiction, . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Plaintiff alleges that Defendants are required to identify and coordinate benefits relating to the MAO Assignors' unreimbursed payments.  Plaintiff further alleges that Defendants have refused to disclose information relating to claims made under first-party policies.  "This inaction has caused and will cause a bona fide present controversy between the parties concerning Defendants' obligations under the MSP Act."  (ECF DKT #105, ¶ 440).

According to Plaintiff, there is a "bona fide, actual, present and practical need" for a judicial determination of Defendants' obligations to notify the MAO Assignors of Defendants' primary payer status; to provide information identifying the insureds and the policy or claim

numbers; to exchange data; and to coordinate benefits in good faith. (*Id*., ¶ 441).

Defendants argue that a declaratory judgment would not settle the controversy nor clarify the legal relations between the parties. Defendants also insist that the alternate remedies under the MSP Act and for Breach of Contract are more effective in providing relief and render declaratory relief inappropriate.

Construing Plaintiff's Third Amended Complaint in Plaintiff's favor and taking all factual assertions as true, the Court holds that the allegations in Count IV are sufficient to state a plausible claim for an actual controversy warranting declaratory relief.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #108) of Defendants to Dismiss Plaintiff's Third Amended Complaint is granted in part and denied in part.

Accordingly, the Court dismisses the claims in Counts I and II against Defendant Progressive Casualty Insurance Company, Defendant Progressive Express Insurance Company and Defendant National Continental Insurance Company because Plaintiff fails to plausibly allege an "injury fairly traceable" to the conduct of these three Defendants and thus, lacks Article III standing to proceed against them. The MSP Act claims in Counts I and II against Defendant Progressive Direct Insurance Company and Defendant Progressive Northern Insurance Company survive dismissal at this time since these Defendants are specifically linked to five of the eighteen Representative Beneficiaries. The Court dismisses all of the Representative Beneficiary Claims except for "J.G.," "N.G.," "P.M.," "C.H." and "J.H." which are tied to specific Progressive Defendants. The Court also dismisses any claims in Counts I and II on behalf of MAO Assignors Emblem (Health Insurance Plan of Greater New York) and Family Physicians

Group because there are no Representative Beneficiary Claims tied to the assignments from these MAOs and thus no injury-in-fact for which Plaintiff has standing to sue.

Count III is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it lacks allegations of the necessary elements of a Breach of Contract claim; and particularly fails to identify a policy contract to which any Progressive Defendant is a party and by which any Progressive Defendant is obliged to pay benefits for a specific Medicare Advantage Plan enrollee.

Without determining whether Count IV will ultimately succeed on the merits, the Court finds that Plaintiff has stated a plausible claim and denies Defendants' Motion to Dismiss Plaintiff's claim for Declaratory Relief Pursuant to 28 U.S.C. § 2201.

**IT IS SO ORDERED.**

**DATE: September 10, 2025**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**